# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. HENDERSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 09-21 |
| KENNETH KEISLING, et al., | |
| Defendants. | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **JANUARY 21, 2010**

      Presently before this Court is the Motion to Dismiss filed by Defendant Kenneth Keisling ("Keisling"). For the reasons set forth below, the Motion will be denied.

**I.  FACTS**

      In January 2009, Plaintiff David E. Henderson ("Plaintiff"), a pro se litigant, filed a Complaint in this Court against Keisling and Nancy Henderson (collectively, "Defendants"), seeking millions of dollars in damages. The Complaint alleges that from 1980 to the present, Defendants have been part of a conspiracy designed to keep Plaintiff from publicly sharing information he learned about a government conspiracy.

      In his Complaint, Plaintiff offered no details regarding Defendants' involvement in the alleged conspiracy or the connection between the alleged conspiracy and the Eastern District of Pennsylvania. By Order dated January 13, 2009, we dismissed Plaintiff's case without prejudice for improper venue pursuant to 28 U.S.C. § 1391(b) because neither Defendant resides in the Eastern District of Pennsylvania and because Plaintiff failed to allege that any actions in

furtherance of the conspiracy occurred in this District.

On appeal, the Court of Appeals for the Third Circuit vacated this Court's Order and remanded the matter to us, finding that "it is inappropriate for the trial court to dispose of the case sua sponte on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner." Henderson v. Keisling, No. 09-1247, 2009 U.S. App. LEXIS 13400, at *4-5 (3d Cir. June 22, 2009) (quoting Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (internal quotation marks omitted)). The Third Circuit further explained that "even where a defect in venue has been properly raised, a question remains whether the case should be dismissed or transferred to a district in which venue would be proper." Id. at *4 (quoting Sinwell, 536 F.2d at 19 (internal quotation marks omitted)).

On September 2, 2009, we granted Plaintiff leave to proceed in forma pauperis and directed the United States Marshals Service to serve the Complaint and summonses upon Defendants. On December 15, 2009, Keisling was personally served with process.

On December 28, 2009, Keisling filed the instant Motion pro se. In his Motion, Keisling asserts the defense of improper venue under Federal Rule of Civil Procedure 12(b)(3), stating: "Neither do I currently live within the Eastern District of Pennsylvania nor have I ever lived within the Eastern District of Pennsylvania." (Mot. to Dismiss at 1.)

Upon the request of Plaintiff, Defendant Nancy Henderson was withdrawn as a party by this Court's Order dated December 29, 2009. Thus, the only Defendant remaining in this lawsuit is Keisling, who "[a]ccording to the complaint, . . . resides in Tannersville, a town in Monroe County Pennsylvania."[1] Henderson, 2009 U.S. App. LEXIS 13400, at *1. On January 5, 2010,

---

[1] Monroe County is located in the Middle District of Pennsylvania.

2

Plaintiff filed his Response to Keisling's Motion, requesting, among other things, "that the Court move the case to the Middle District of Pennsylvania . . . ." (Pl.'s Resp. at 2.)

**II.    DISCUSSION**

Section 1391 states that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in . . . a judicial district where any defendant resides, if all defendants reside in the same State . . . ." 28 U.S.C. § 1391(a). Furthermore, 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In determining whether to transfer an action pursuant to § 1406, we are not required to balance private or public interest factors (as we would under § 1404), but rather, we must simply decide if there is a venue where the action "could have been brought" that serves the interest of justice. Rojas v. Trans States Airlines, Inc., 204 F.R.D. 265, 269 (D.N.J. 2001); see also CQ, Inc. v. TXU Mining Co., L.P., No. 05-1230, 2006 U.S. Dist. LEXIS 4258, at *14 (W.D. Pa. Feb. 3, 2006) (finding that transfer, rather than dismissal, pursuant to § 1406 would serve the interest of justice because it would "expedite the resolution of Plaintiff's charges and dispense with various technicalities associated with refiling"). An action "could have been brought" in another district if venue is proper in the transferee district and the transferee district can exercise personal jurisdiction over the defendant.[2] FS Photo, Inc. v. Picturevision, Inc., 48 F. Supp. 2d 442, 449

---

[2] The language "could have been brought" in § 1406 has the same meaning as the phrase "might have been brought" in § 1404. Gottlieb v. United States, No. 05-3803, 2006 U.S. Dist. LEXIS 64249, at *7 (D.N.J. Sept. 8, 2006); see also Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970) (stating that an action "might have been brought" in another district pursuant to § 1404 if venue is proper in the transferee district and the transferee district can exercise jurisdiction over all of the parties).

(D. Del. 1999).

Moreover, a district court has "considerable discretion to determine whether transfer pursuant to Section 1406 is in the interest of justice." Gottlieb, 2006 U.S. Dist. LEXIS 64249, at *7.

> A transfer is not in the interest of justice when, for example, the plaintiff (1) commenced the action in the wrong district for some improper purpose, (2) intended to harass the defendant by filing in a distant venue, or (3) engaged in blatant forum-shopping. Nevertheless, the purpose of Section 1406 is to remove obstacles that might impede the expeditious adjudication of a plaintiff's case by permitting transfer as an alternative to dismissal. Thus, generally transfer is favored over dismissal.

Id. at *7-8. Finally, "[w]hen certain defendants are dismissed from the case, those defendants are no longer considered in determining whether a case could have been brought in the proposed transferee district." Oceanic Exploration Co. v. ConocoPhillips, Inc., No. 04-332, 2007 U.S. Dist. LEXIS 7915, at *18 (D.D.C. Feb. 5, 2007) (citations omitted); see also In re Fine Paper Antitrust Litig., 685 F.2d 810, 819 (3d Cir. 1982) (finding that a district court is "not required to confine its venue consideration to the facts as they existed at the time of the complaint"); LG Elecs., Inc. v. First Int'l Computer, Inc., 138 F. Supp. 2d 574, 584 (D.N.J. 2001) ("Venue defects as to a party whose portion of the action has been severed or settled does not bar transfer of the remainder of the action.").

Here, the Third Circuit has determined, and we agree, that "it is clear that the Eastern District of Pennsylvania is not a proper venue for Henderson's claim." Henderson, 2009 U.S. App. LEXIS 13400, at *3. We do not understand why Plaintiff chose to lay venue in the Eastern District of Pennsylvania, but can only speculate that Plaintiff mistakenly believed that Keisling's

4

alleged residence in Tannersville, Pennsylvania is located in the Eastern District, rather than the Middle District, of this Commonwealth. Nevertheless, the record is devoid of information that Plaintiff commenced his action in this District for an improper purpose, intended to harass the Defendants by filing here, or engaged in obvious forum-shopping.[3] See Gottlieb, 2006 U.S. Dist. LEXIS 64249, at *8.

Therefore, in light of: (1) Keisling's timely objection to Plaintiff's choice of venue; (2) Keisling's statement that he has never lived in the Eastern District of Pennsylvania; (3) the Third Circuit's finding that the Eastern District of Pennsylvania is not a proper venue for Plaintiff's action; (4) the fact that Keisling is the sole Defendant remaining in this case; (5) Plaintiff's uncontradicted allegation that Keisling resides in Monroe County, thus making the Middle District of Pennsylvania a venue where Plaintiff's action "could have been brought"; (6) Plaintiff's request that the Court transfer this case to the Middle District of Pennsylvania; and (7) the Court's desire to "expedite the resolution of Plaintiff's [action] and dispense with various technicalities associated with refiling," see CQ, Inc., 2006 U.S. Dist. LEXIS 4258, at *14, we find that it is in the interest of justice to transfer this case to the United States District Court for the Middle District of Pennsylvania.

An appropriate Order follows.

---

[3] This finding does not foreclose any challenge to the merits of Plaintiff's action; rather, we merely conclude that Plaintiff's choice of forum was not "motivated by any improper purpose such as a desire to vex, harass, or oppress defendant." Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.), Inc., 392 F. Supp. 2d 1062, 1065 (W.D. Wis. 2005) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).